IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BERNARD RAY RICHARDSON,            )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Civil Action No. 7:16-cv-00329
                                   )
NURSE N. STANFORD, *et al.*        )        By: Elizabeth K. Dillon
                                   )            United States District Judge
        Defendants.                )

**MEMORANDUM OPINION**

Plaintiff Bernard Ray Richardson, proceeding *pro se*, brought this civil rights action

pursuant to 42 U.S.C. § 1983 alleging, among other things, that defendants failed to provide him

with certain medical treatment while he was incarcerated at Wallens Ridge State Prison

(W.R.S.P.).[1]  Before the court are Richardson's motion to change venue based on his claim that

the undersigned and several other judges of this court have a conflict of interest (Pl.'s Mot.

Transfer Venue, Dkt. No. 8), and his motion for preliminary injunctive relief.  (Compl. & Mot.

Prelim. Inj. (Mot. Prelim. Inj.), Dkt. No. 1.)  Additionally, he had filed a motion to transfer the

documents in his original filing in the Eastern District of Virginia to this court, including his

motion for preliminary injunctive relief.  (Dkt. No. 5.)  For the reasons stated herein, the court

will deny Richardson's motion to transfer venue and dismiss his claim for preliminary injunctive

relief  and request to transfer documents as moot.

I.    BACKGROUND

Richardson's motion to transfer venue is largely based on the disposition of *Richardson*

*v. Dulanes*, No. 7:16-cv-35 (W.D. Va. filed Feb. 3, 2016), another civil rights action brought by

---

[1] Richardson's Complaint and Motion for Preliminary Injunctive Relief (Dkt. No. 1) also references First
Amendment retaliation, equal protection, due process, and breach of fiduciary duty claims.

Richardson, which was dismissed by this court in February. In that case, as here, Richardson sought a preliminary injunction requiring W.R.S.P to provide him medical treatment and accommodations. By order dated February 3, 2016, the court conditionally filed Richardson's complaint, instructed him to submit his inmate account form and trust fund account statement within ten days of the order, and warned him that if he failed to do so his complaint would be dismissed. Richardson failed submit the records, and his complaint was dismissed without prejudice on February 29, 2016. Richardson asked the court to reconsider, arguing that the W.R.S.P. business office refused to give him the requested records and had instead instructed him to contact his counselor for the necessary documents. Because Richardson provided no indication that he had contacted his counselor, the court denied Richardson's motion for reconsideration.

Following the court's denial of his motion, Richardson filed a judicial misconduct complaint against the undersigned. Richardson, who had previously filed judicial misconduct complaints against others, claimed that the court dismissed his case because he had filed those complaints and because of his race. The judicial complaint was dismissed on May 4, 2016, and Richardson's petition for review was denied on July 6, 2016.

On July 7, 2016, Richardson filed this action in the United States District Court for the Eastern District of Virginia, and, among other claims, again seeks a preliminary injunction requiring Virginia Department of Corrections personnel to provide him with medical treatment. (Mot. Prelim. Inj., Dkt. No. 1.) The case was transferred to this court with all of the pleadings in the original file.[2] (*See* Order, Dkt. No. 2.) Citing a conflict of interest with the undersigned based on the previous judicial misconduct charge, Richardson asks the court to transfer the case back to the Richmond Division of the Eastern District. Since filing this action, Richardson has

---

[2]  Because the pleadings were transferred, Richardson's motion to transfer documents (Dkt. No. 5) is moot.

been released from prison.  (*See* Pl.'s Change of Address, Dkt. No. 12; Pl.'s Request for IFP

Status, Dkt. No. 13.)

## II.  DISCUSSION

### A.  The Court Will Deny Richardson's Motion To Transfer Venue

Although styled as a motion for change of venue, Richardson's motion only discusses his

conflicts with the judges against whom he has filed judicial misconduct complaints.  Because the

Western District of Virginia is the proper venue for his case, *see* 28 U.S.C. § 1391, and because

there are other judges in the Western District with whom Richardson has no apparent conflict,

the court will treat Richardson's motion as a request for recusal.  *See Littlejohn v. Ozmint*, No.

1:10-2332, 2011 U.S. Dist. LEXIS 81711, at *1–2 (D.S.C. July 26, 2011) (treating a similar

motion as a request for recusal), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS

103677 (D.S.C. Sept. 13, 2011); *see also Assa'ad Faltas v. President of the Univ. of S.C.*, 291 F.

App'x 534, 536 (4th Cir. 2008) (finding that the lower court correctly denied a request for

change of venue based on recusal analysis).  This motion is governed by 28 U.S.C. § 455.[3]

Under § 455, "[a]ny . . . judge . . . of the United States shall disqualify [herself] in any

proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

"To preserve the integrity of the judicial branch, 'a judge must possess neither actual nor

apparent bias against a party.'"  *United States v. Farkas*, 149 F. Supp. 3d 685, 690 (E.D. Va.

2016) (quoting *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)), *aff'd*, Nos. 15-7888

& 16-6386, 2016 U.S. App. LEXIS 17927 (4th Cir. Oct. 4, 2016); *see Liteky v. United States*,

---

[3] Although 28 U.S.C. § 144 also provides a mechanism for seeking recusal, it is not available to *pro se* litigants, *see Mathis v. Goldberg*, No. 12-1777, 2013 U.S. Dist. LEXIS 41649, at *3–4 (D. Md. March 25, 2013) (collecting cases), *aff'd*, 538 F. App'x 310 (4th Cir. 2013); *Williams v. N.Y. City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003); *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996), and in any event Richardson has failed to comply with the procedural requirements of that statute. *E.g.*, *In re Martinez-Catala*, 129 F.2d 213, 218 & n.1 (1st Cir. 1997) (noting that courts require "strict compliance" with the procedure of § 144) (collecting cases); *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.3 (1988).

510 U.S. 540, 548 (1994); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988). Thus if a reasonable observer with knowledge of all the facts and circumstances might reasonably question a judge's impartiality, the judge must recuse herself even if she is, in fact, impartial. *See Cheney v. United States Dist. Court*, 541 U.S. 913, 924 (2004); *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J.); *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998); *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). However, recusal motions "cannot become a form of brush back pitch for litigants to hurl at judges who do not rule in their favor," *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011), and recusal decisions must reflect "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Id.* (quoting *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006)).

Because Richardson has adduced no evidence that would lead a reasonable person to question the court's impartiality, recusal is improper here.[4] In support of his claim, Richardson cites only (1) the dismissal of his prior case and (2) the judicial misconduct charge he filed based on that dismissal. Although Richardson clearly disagrees strongly with the court's decision to dismiss his former case, his disagreement with that ruling, unaccompanied by evidence of extra-judicial bias, is insufficient to suggest partiality. *See Liteky*, 510 U.S. at 555 (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *People Helpers Found. v. City of Richmond*, 12 F.3d 1321, 1325 (4th Cir. 1993) ("In short, the nature of the judge's bias must be personal and not judicial."); *In re Beard*, 811 F.2d at 827

_____

[4]Although Richardson's motion turns on the undersigned's alleged bias against him, the court may resolve this motion; indeed, the language of the statute "appears to contemplate that the judge at issue should pass upon the motion by providing that a judge shall 'recuse *herself*.'" *Farkas*, 149 F. Supp. 3d at 691(emphasis in original) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985)); *accord Schurz v. Commc'ns, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1992) (Posner, J.); *Fharmacy Records v. Nassar*, 572 F. Supp. 2d 869, 875 (E.D. Mich. 2008); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 74 (S.D.N.Y. 2001); *see also, e.g.*, *DeTemple*, 162 F.3d at 286 (finding that a district judge "did not abuse his discretion by declining to recuse himself pursuant to § 455(b)").

("The alleged bias must derive from an extra-judicial source.").  This principle would be meaningless if Richardson could avoid it by formalizing his disagreement as a judicial misconduct complaint.  *See Belue*, 640 F.3d at 574; *Albright v. Colo. Dep't of Corr.*, No. 06-cv-560, 2006 U.S. Dist. LEXIS 57331, at *3 (D. Colo. Aug. 3, 2006) (finding that a judicial misconduct complaint based on disagreement with a judge's former rulings did not require recusal).  Accordingly, the court will deny Richardson's motion.

**B. The Court Will Dismiss Richardson's Request For An Injunction As Moot**

The court now turns to Richardson's request for a preliminary injunction.  Richardson seeks emergency medical treatment for his severe degenerative disc disease.  (Dkt. No. 1.)  The jurisdiction of federal courts is limited to live cases or controversies.  U.S. Const. art. III, § 1.  When a claim no longer presents a viable legal issue to resolve, the claim becomes moot.  *See Powell v. McCormack*, 395 U.S. 486, 496 (1969).  If an event occurs while a case is pending that renders the court unable to grant a party the relief requested on a claim, the claim must be dismissed as moot.  *See Pender v. Bank of Am. Corp.*, 788 F.3d 354, 367–68 (4th Cir. 2015); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) ("Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'") (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 338, 397 (1980)).

Richardson is no longer incarcerated.  (Dkt. No. 16.)  Where, as here, an inmate challenges prison policies or conditions, release or transfer to a different location where he is no longer subject to the challenged condition moots his claim for injunctive relief.  *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007).  Since Richardson has been released from prison,

the court cannot grant him the relief he seeks and must dismiss his motion for a preliminary injunction as moot.

## III. CONCLUSION

For the foregoing reasons, the court will deny Richardson's motion to transfer venue and deny and dismiss his request for a preliminary injunction and request to transfer records as moot. An appropriate order will be entered.

Entered: March 23, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge